**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY B. SHAKOOR** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | **Civil Action No.** |
| **TRANS UNION, LLC** | ) | |
| **and** | ) | |
| **EQUIFAX INFORMATION SERVICES LLC** | ) | |
| **and** | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.** | ) | |
| **and** | ) | |
| **NATIONAL RECOVERY AGENCY, INC.** | ) | |
| **and** | ) | |
| **PAUL MICHAEL MARKETING, INC.** | ) | |
| **and** | ) | |
| **PEERLESS CREDIT SERVICES, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

### I.   Preliminary Statement

1.     This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA") and various other laws of the Commonwealth of Pennsylvania.

### II.   Jurisdiction and Venue

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.     Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4.      Plaintiff Anthony B. Shakoor is an adult individual residing at 646 Walnut Tree Drive, Blandon, PA 19510.

5.      Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Equifax Information Services LLC (hereafter "EIS") is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

7.      Defendant Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 505 City Parkway West, Orange, CA 92868.

8.      Defendant National Recovery Agency, Inc. (hereafter "NRA") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 4201 Crums Mill Road, Harrisburg, PA 17112. The principal purpose of Defendant NRA is the collection of debts using the mails and telephone, and Defendant NRA regularly attempts to collect debts alleged to be due another.

9.      Defendant Paul Michael Marketing, Inc. (hereafter "PMM") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 18609 Union Tpke, Flushing, NY 11366. The principal purpose of Defendant PMM is the collection of debts using the mails and telephone, and Defendant PMM regularly attempts to collect debts alleged to be due another.

10.     Defendant Peerless Credit Services, Inc. (hereafter "PCS") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 725 Maple Road, Middletown, PA 17057. The principal purpose of Defendant PCS is the collection of debts using the mails and telephone, and Defendant PCS regularly attempts to collect debts alleged to be due another.

## IV.   Factual Allegations

11.   Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

12.   The inaccurate information includes, but is not limited to, accounts with NRA, PMM, PCS, and personal identifying information.

13.   The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

14.   Defendants TU, EIS and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

15.   Plaintiff has repeatedly disputed the inaccurate information with the Defendants TU, EIS and Experian by both oral and written communications to their representatives and by following TU, EIS and Experian's established procedure for disputing consumer credit information.

16.   Plaintiff has repeatedly disputed the inaccurate information with TU, EIS and Experian on multiple occasions, including but not limited to, from March of 2004 through the present.

17.    In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendants TU, EIS and Experian with extrinsic written documentation corroborating Plaintiff's disputes.

18.    Notwithstanding Plaintiff's efforts, Defendants TU, EIS and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants TU, EIS and Experian continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendants TU, EIS and Experian have repeatedly published and disseminated consumer reports to such third parties, including but not limited to, March of 2004, through the present.

19.    Despite Plaintiff's efforts, Defendants TU, EIS and Experian have never: 1) contacted the Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; 2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; 3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; 4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and 5) performed any handwriting analysis.

20.    Additionally, Plaintiff has repeatedly disputed the inaccurate information concerning the NRA, PMM, and PCS accounts with Defendants NRA, PMM, and PCS. Notwithstanding Plaintiff's disputes, NRA, PMM, and PCS have also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, have failed to mark the above

accounts as disputed and have continued to attempt to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

21.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

22.     Plaintiff's credit reports and file have been obtained from Defendant TU, EIS and Experian have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

23.     Despite Plaintiff's repeated requests and payments for goods and services in the form of consumer versions of Defendants TU, EIS and Experian's credit reports and to investigate and correct inaccurate information disputed by Plaintiff, Defendants EIS and Experian have refused and failed to furnish Plaintiff with timely disclosures of Plaintiff's credit reports and to investigate Plaintiff's disputes.

24.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

25.     Plaintiff's credit reports and file have been obtained from Defendants TU, EIS and Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

26.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

27.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

28.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

29.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of multiple inquiries appearing on Plaintiff's credit file.

30.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

31.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.   CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. TU, EIS and Experian)

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     At all times pertinent hereto, Defendants TU, EIS and Experian were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

34.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

35.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

36.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants TU, EIS and Experian are liable to the Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b)     willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)     willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d)     willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f)     willfully and negligently failing to note the Plaintiff's dispute of the inaccurate  information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g)     willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i)     willfully and negligently failing to properly and timely delete the inaccurate information  from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j)     willfully and negligently continuing to report the inaccurate information despite having knowledge of its accuracy and/or inability to be verified.

37.     The conduct of Defendants TU, EIS and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to

the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO - FCRA
### (Plaintiff v. NRA, PMM, and PCS)

38.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.     At all times pertinent hereto, Defendants NRA, PMM, and PCS were  "persons" as that term defined by 15 U.S.C. § 1681a(b).

40.     Defendants NRA, PMM, and PCS violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s(2)(b):

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendants NRA, PMM, and PCS;

(c)     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)     willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendants NRA,

PMM, and PCS, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

(b)     willfully and negligently failing to furnish Plaintiff with all information Plaintiff is entitled to under section 1692g of the FDCPA.

41.     Defendants NRA, PMM, and PCS' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendants NRA, PMM, and PCS are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT THREE - DEFAMATION
### (Plaintiff v. TU, EIS and Experian)

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     Defendants TU, EIS and Experian have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

44.     Defendants TU, EIS and Experian have published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

45.     The statements made by Defendants TU, EIS and Experian are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

46.     Defendants TU, EIS and Experian have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

47.     Defendants TU, EIS and Experian knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

48.     Nonetheless, Defendants TU, EIS and Experian continue to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

49.     The written statements and publications constitute libel per se.

50.     The oral statements and publications constitute slander per se.

51.     In addition, and despite the repeated notices from Plaintiff, Defendants TU, EIS and Experian have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

52.     Defendants TU, EIS and Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the

Plaintiff that are outlined more fully above and, as a result, Defendants TU, EIS and Experian are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT FOUR - DEFAMATION
### (Plaintiff v. NRA, PMM, and PCS)

53.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54.     At the times pertinent hereto, Defendants NRA, PMM, and PCS have published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

55.     At a minimum, Defendants NRA, PMM, and PCS have published these statements each time Plaintiff has notified Defendants TU, EIS and Experian and other credit reporting agencies of Plaintiff's dispute and each time a credit-reporting agency has reinvestigated the dispute.

56.     The statements made by Defendants NRA, PMM, and PCS are false as outlined above.

57.     Defendants NRA, PMM, and PCS have published these statements to at least Defendants TU, EIS and Experian.

58.     Defendants NRA, PMM, and PCS knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, they continue to publish such statements up through the present time.

59.     The written statements and publications constitute libel per se.

60.     The oral statements and publications constitute slander per se.

61.     In addition, and despite the repeated notices from Plaintiff, Defendants NRA, PMM, and PCS have acted with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

62.     The conduct of Defendants NRA, PMM, and PCS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants NRA, PMM, and PCS are liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## COUNT FIVE - CPL
### (Plaintiff v. TU, EIS and Experian)

63.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64.     Pursuant to 15 U.S.C. §1681s, any violation of the FCRA constitutes an unfair or deceptive act or practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. ("CPL").

65.     Defendants TU, EIS and Experian violated the CPL by engaging in the following conduct:

(a)     intentionally, willfully, recklessly and negligently failing to follow reasonable procedures to assure maximum possible accuracy in the credit reports they disseminated concerning the Plaintiff;

(b)     intentionally, willfully, recklessly and negligently failing to properly and timely reinvestigate the inaccurate information disputed by the Plaintiff;

(c)      failing to delete the inaccurate information concerning the Plaintiff after the Plaintiff notified Defendant of the dispute;

(d)      intentionally, willfully, recklessly and negligently reporting the inaccurate information concerning the Plaintiff; and

(e)      engaging in all other conduct set forth in the foregoing paragraphs.

66.      Defendants TU, EIS and Experian's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages, attorney's fees and costs, as well as other relief, permitted under the law.

### COUNT SIX – CPL
**(Plaintiff v. NRA, PMM, and PCS)**

67.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

68.      Pursuant to 15 U.S.C. §1681s, any violation of the FCRA constitutes an unfair or deceptive act or practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201.1 et seq. ("CPL").

69.      Defendants NRA, PMM, and PCS are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCEUA.

70.      Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

71.      The above disputes by Plaintiff, and the reporting of the inaccurate information to credit reporting agencies by Defendant NRA, PMM, and PCS are "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

72.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

73.     Defendants NRA, PMM, and PCS violated the Fair Credit Extension Uniformity Act, 73 P.S §§ 2270.4(a), 2270.4(b)(5)(ii), 2270.4(b)(5)(viii), 2270.4(b)(5)(x) and the CPL, 73 P.S. § 201-2(4)(xxi), by engaging in the following conduct:

(a)     The false representation of the character, amount or legal status of any debt;

(b)     Communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a debt is disputed; and

(c)     using false representations and deceptive means to collect or attempt to collect a debt.

74.     Defendants NRA, PMM, and PCS' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

75.     As a result of the above violations of the FCEUA and CPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT SEVEN – FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiff v. NRA, PMM, and PCS)

76.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

77.     Defendants NRA, PMM, and PCS are "debt collectors" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

78.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

79.     The above disputes by Plaintiff and the reporting of the inaccurate information to credit reporting agencies by Defendants NRA, PMM, and PCS are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

80.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

81.     Defendants NRA, PMM, and PCS violated the FDCPA. Defendants NRA, PMM, and PCS' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    a)  The false representation of the amount, character or legal status of a debt;

    b)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

    c)  Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

82.     Defendants NRA, PMM, and PCS' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

83.     As a result of the above violations of the FDCPA, Defendants NRA, PMM, and PCS are liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT EIGHT - NEGLIGENCE
### (Plaintiff v. TU, EIS and Experian)

84.     Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

85.     Defendants TU, EIS and Experian's negligence consists of the following:

(a)  Violating the FCRA as set forth above;

(b)  Violating the CPL as set forth above;

(c)  Disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above;

(d)  Failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff;

(e)  Failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to creditors;

(f)  Failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to creditors;

(g)  Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

(h)  Failing to delete or correct the inaccurate information from Plaintiff's credit file after reinvestigation;

(i)  Failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports;

(j)  Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(k)  Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(l)  Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(m)  Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

86.    As a result of Defendants TU, EIS and Experian's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

87.    The conduct of Defendants TU, EIS and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants TU, EIS and Experian are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

<u>**COUNT NINE – NEGLIGENCE**</u>
**(Plaintiff v. NRA, PMM, and PCS)**

88.    Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

89.    Defendants NRA, PMM, and PCS' negligence consists of the following:

(a)  Violating the FCRA as set forth above;

(b)  Violating the FDCPA as set forth above;

(c)  Violating the CPL as set forth above;

18

(d)  Disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above;

(e)  Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(f)  Failing to review all relevant information concerning Plaintiff's account that was sent to Defendants NRA, PMM, and PCS;

(g)  Failing to report the results of investigations to the relevant consumer reporting agencies;

(h)  Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendants NRA, PMM, and PCS originally furnished information;

(i)  Failing to delete or correct the inaccurate information; and

(j)  Failing to note the disputed status of the inaccurate information on all credit reports.

90.    As a result of Defendants NRA, PMM, and PCS' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

91.    The conduct of Defendants NRA, PMM, and PCS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants NRA, PMM, and PCS are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

### COUNT TEN – INVASION OF PRIVACY/FALSE LIGHT
**(Plaintiff v. TU, EIS and Experian)**

92.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth

at length herein.

93.     Defendants TU, EIS and Experian's above actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

94.     By such unauthorized publication and circulation of Plaintiff's name and the inaccurate information, Defendants TU, EIS and Experian invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

95.     The conduct of Defendants TU, EIS and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants TU, EIS and Experian are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

### COUNT ELEVEN – INVASION OF PRIVACY/FALSE LIGHT
**(Plaintiff v. NRA, PMM, and PCS)**

96.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

97.     Defendants NRA, PMM, and PCS' above actions violated Plaintiff's right of privacy and placed the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

98.     By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants NRA, PMM, and PCS invaded Plaintiff's right to

privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

99.     The conduct of Defendants NRA, PMM, and PCS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants NRA, PMM, and PCS are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI.   JURY TRIAL DEMAND

100.    Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o, 73 P.S. §201-9.2(a) and 15 U.S.C. 1692k(a)(3);

(e)     An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)     An order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**FRANCIS & MAILMAN, P.C.**


BY:     _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHNS SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: December 16, 2005